IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11098
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIO FRANCO-NAVARETTE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(2:91-CR-15)
- - - - - - - - - -
April 2, 1997

Before Wisdom, Jolly, and Benavides, Circuit Judges.

PER CURIAM:[*]

Octavio Franco-Navarette pleaded guilty to conspiracy to distribute cocaine and to possess with intent to distribute cocaine. He appeals the resultant sentence. The defendant argues that the district court erred in its calculation of cocaine attributable to the defendant and in failing to make specific findings to support the court's denial of the defendant's motion for a reduction in his sentence because of minimal or minor participation in the offense.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Based on our review of the record and the briefs of the parties, we conclude that the district court did not clearly err in finding that Franco-Navarette negotiated to deliver seven kilograms of cocaine.[2] The district court's finding referring to the presentence report in this regard was sufficient.[3] The district court's adoption of the Presentence report's Addendum response to Franco-Navarette's objection constitutes a sufficient statement of the factual basis for the finding that he was not a minor participant.[4] Accordingly, the district court is AFFIRMED.

---

[2] See United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993), cert. denied, 510 U.S. 1198 (1994).

[3] See United States v. Mora, 994 F.2d 1129, 1141 (5th Cir.), cert. denied, 510 U.S. 958 (1993) (Holding that "a defendant is generally provided adequate notice of the district court's resolution of disputed facts when the court's resolution merely adopts the findings of the PSR".).

[4] See United States v. Brown, 54 F.3d 234, 241-42 (5th Cir. 1995).